PORTLAND CREMATION ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10037, 22158, 23912.   Promulgated January 20, 1928.

*Charles E. McCulloch, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

68

OPINION.

STERNHAGEN : All the facts are stipulated, and thus the Board is limited precisely in the scope of its consideration. It is contended that a commercial cremation corporation, by voluntarily setting aside a reserve called a " maintenance fund " for the purpose of performing some of its ordinary contractual obligations the actual cost of which is not known, which fund is so free from outside constraint that the corporation may " borrow " from it at will and so far as appears may limit its amount at will, has created a trust, itself the trustee. It is not an express trust, so it must be implied. The implication seems to rest on the covenant in the deed, the resolution of the directors establishing the fund, and the salesmen's " representations to purchasers." But these constitute no more than a contractual obligation cognizable at common law and a means privately adopted by the corporation to fulfill it. We can find no ground upon which a court of equity would imply a trust or administer it. The decisions of the Board which proceed upon an express trust either written or oral or under a state law, are not controlling here, there being neither words of trust nor public command. And of course the powers of this Board are such that its holding does not establish the trust or estop the petitioner to deny it if a grantee were to seek to enforce a trust obligation in chancery, as in *Bourland* v. *Springdale Cemetery Assn.*, 158 Ill. 458; 42 N. E. 86. If it were a trust it would require consideration of section 219, but it does not appear whether the petitioner had regarded itself as required by that section to file a return as a trustee.

In our opinion, all of the amounts received by petitioner were within its gross income, and there is no warrant for treating any part of it as a separately identified sum as if petitioner never received it. Of course such sum as it expends or incurs annually in the perform-

ance of its business functions, whether of maintenance or otherwise, is a proper deduction. See *Springdale Cemetery Assn.*, 3 B. T. A. 223; *Mead Construction Co.*, 3 B. T. A. 438.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*

SMITH did not participate.

ARUNDELL, dissenting: I can not agree with the majority opinion, as I think that the question here involved has been settled by decisions of the Board in *Metairie Cemetery Association* v. *Commissioner*, 4 B. T. A. 903, and *Inglewood Park Cemetery Association* v. *Commissioner*, 6 B. T. A. 386. In the *Metairie* case contracts were issued to plot owners providing for perpetual care, but containing no provisions (except in a few cases) as to the use to which the purchase price of the plot was to be put. It was, however, orally represented to purchasers that the purchase price was to be held in trust, and *after the taxable years* such representation was declared of record by formal resolution of the association. The Board there held that the parol agreement was sufficient to create a valid trust. In the present case there is, in addition to the parol agreement, a formal resolution *during the taxable years* setting aside the amounts for perpetual care. In the *Metairie* case there was a state law providing that owners of burial plots may convey their plots back to the cemetery company to hold perpetually in trust. It does not appear from the findings of fact and opinion of the Board that any plots were conveyed to the association and so it can not be said that the state law had anything to do with the case. In the *Inglewood* case there was a state law containing mandatory provisions with respect to the use of perpetual care funds and that seems to be the only material distinction between that case and the one here under consideration. The presence of a state law forbidding the use of perpetual care funds for any other purpose may aid in establishing the fact of the existence of a trust, but no one will say that an equally valid trust may not be created by the acts of the parties.

The prevailing opinion refers to other " decisions of the Board which proceed upon an express trust either written or oral." None of the decisions indicate whether they were predicated on the nature of the trust and they do not say whether as a matter of law the Board found the trust to be express or implied. In both the *Metairie* and *Inglewood* cases there were express covenants concerning perpetual care, but there was nothing, other than oral representations to purchasers, as to the fund to be held in trust. If an express trust can be gathered from oral representations in those cases, why does not

the same rule apply here? But I do not think it necessary to decide in any of these cases whether the trust is express or implied; it is sufficient if either kind can be found. It has been often held that no technical language nor specific words are necessary to create a trust. As is said in *Chicago Ry.* v. *Des Moines Ry.*, 254 U. S. 196, 208:

It needs no particular form of words to create a trust, so there be reasonable certainty as to the property, the objects, and the beneficiaries. *Colton* v. *Colton*, 127 U. S. 300, 310.

There is here no lack of certainty, as urged by the respondent. The representations to purchasers and the deeds given them establish the purpose to which the funds were to be put and who the beneficiaries were. The records of the corporation determine the amount of the fund.

The acts of the petitioner in representing to purchasers that it had a permanent maintenance fund, in covenanting for perpetual care, and in formally setting aside a specified portion of the amounts received, we think were sufficient to create an enforceable trust. In *Holmes* v. *Dowie*, 148 Fed. 634, 638, it is said:

It is a well recognized principle of equity that where a person accepts money or property to be used by him for the benefit of some other person or persons, or for the advancement of some lawful enterprise, such money or property constitutes a trust fund.

The prevailing opinion cites the decision in *Springdale Cemetery Association*, 3 B. T. A. 223. An essential difference between the cases is that in the *Springdale* case, it was found as a fact that:

The corporation's by-laws contained no provisions for appropriating any part of the receipts from the sale of lots as such perpetual care fund, and no resolution to that effect was passed by the directors.

Nor does the case of *Mead Construction Co.*, 3 B. T. A. 438, seem to be in point. There the sole question was whether a certain part of the amount due the taxpayer for paving work which was withheld by a municipality was income to the taxpayer; there was no question of whether any part of the amount received by the taxpayer was exempt from tax.

LANSDON, TRUSSELL, and LOVE concur in this dissent.